1887.] People ex rel. N. Y., O. & W. R. R. Co. *v.* Chapin. 265

Statement of case.

The People ex rel. The New York, Ontario and Western Railroad Company et al., Respondents, *v.* Alfred C. Chapin, Comptroller, etc., et al., Appellants.

The provision of the act creating the Board of Railroad Commissioners (§ 13, Chap. 353, Laws of 1882), providing that the salaries and expenses of the board shall be borne by the railroad companies by assessing upon each " its just proportion, * * * one-half in proportion to the length of main track or tracks on road," means the length of the road, including its branches and auxiliary lines, if any, not the aggregate length of all its tracks where it has two or more parallel tracks between two terminal points.

As to whether a determination of the officers empowered by that act to make the assessment is reviewable on *certiorari*, *quære*.

(Argued June 7, 1887; decided June 21, 1887.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made December 3, 1886, modifying an assessment upon the relators made by the State comptroller and assessors under the act (Chap. 353, Laws of 1882) for the salaries and expenses of the Board of Railroad Commissioners.

One-half of the said salaries and expenses was apportioned by assessment upon each railroad in the State in proportion to the length of its road. The General Term decided that where a railroad had two or more tracks running parallel with each other all should be included in making the apportionment.

*Denis O'Brien,* attorney-general, for Alfred C. Chapin, comptroller, appellant. The intention of the legislature was that the apportionment and assessment of the expenses of the board of railroad commissioners was to be made not upon the cost of construction of the several railroads or the extent of their tracks, but the true test should be the value of the property, based upon its earnings and income. (*People ex rel. Buffalo & L. S. R. R. Co.* v. *Barker,* 48 N. Y. 70; *People ex rel. A. & G. Bridge Co.* v. *Weaver,* 20 W. D. 565; *People ex rel. R. R. Co.* v. *Keator,* 36

Hun, 596.) The appellants herein acted in an administrative capacity in the exercise of powers in which the people at large are concerned, and a great public inconvenience would result from interfering with their proceedings. (*People* v. *Supers.*, 15 Wend. 206.) The assessment having been completed and put in process of collection, had gone out from the custody of the appellants, whose determination was to be reviewed, and the court should not review the assessment but should quash the writ. (*People* v. *Supers. of Greene*, 82 N Y.; *People ex rel. Marsh* v. *Delaney*, 49 id 655; *People* v. *Com'rs Taxes*, 43 Barb. 494; *People* v. *Walter*, 68 N. Y. 263; *People* v. *B'd Supers.*, 34 Hun, 266; *King* v. *King*, 2 T. R. 234; *People* v. *Supers. Alleg. Co*, 15 Wend, 197, 210; *Lawton* v. *Com'rs of Cambridge*, 2 Caines, 182; *In re Mt. Morris Square*, 2 Hill, 28; *People* v. *Common Council Utica*, 65 Barb. 9, 22; *People* v. *Stilwell*, 19 N. Y. 531, 532; *Kilbourn* v. *St. John*, 59 id. 26; *People* v. *B'd Aldermen*, 10 Abb. N. C. 34; *Western R. R. Co.* v. *Nolan*, 48 N. Y. 518; *People* v. *Assessors of Alb. Co.*, 2 Hun, 583, 591; *Susque. B'k* v. *Supers. Broome*, 25 N. Y. 312, 315; *Sheridan* v. *Andrews*, 52 id. 450. The return to *certiorari* must be taken as conclusive and acted on as true. If false in fact, "the remedy is an action for a false return." (*People ex rel. McCarthy* v. *French*, 25 Hun, 111.) A party assailing an assessment as excessive must make it appear conclusively that the methods by which the assessors arrived at the result complained of were incorrect, and that the assessment does not represent the fair value of the property assessed. (*People* v. *Davenport*, 91 N. Y. 574.) The relators cannot question the validity of the act of 1882. (*Vose* v. *Cockroft*, 44 N. Y. 415.)

*Hamilton Harris*, for New York Central and Hudson River Railroad Company, appellant. The act sought to be reviewed was not a judicial act and is not the subject of review by the court. (Laws of 1882, chap. 353, § 13; *People* v. *Walter*, 68 N. Y. 411.) But even if a judicial act, the court could not and would not review it by *certiorari*.

(*People* v. *Fire Com'rs*, 77 N. Y. 605; *People* v. *Brooklyn*, 8 Hun, 56; *People ex rel. Mayor, etc.* v. *McCarthy*, 34 Alb. L. J. 236.) The State officers having made the apportionment and filed the same in the office of the comptroller in accordance with the requirements of law, their duties were fully peformed and their action was consummated and put beyond recall. (*People* v. *Walter*, 68 N. Y. 403, 411; *People* v. *Delaney*, 49 id. 655; *People* v. *Sup'rs of Queens Co.*, 82 id. 276; *People* v. *Contracting B'd*, 33 id. 382. The return to the writ must be taken as conclusive and acted upon as true. (*People ex rel.* v. *Fire Com'rs*, 73 N. Y. 437.)

*John B. Kerr* for respondents. *Certiorari* was the relator's proper remedy. (Code, § 2140; *People* v. *Hall*, 80 N. Y. 125; *People* v. *Zoll*, 97 id. 208.) In the appellants were combined such duties as are performed by boards of assessors and supervisors in respect to the assesment of taxes; and the courts have uniformly reviewed the proceedings of those officers by *certiorari.* (*Barhyte* v. *Shepherd*, 35 N. Y. 238; *Western R. R. Co.* v. *Nolan*, 48 id. 513.) The roll is under the control and in the custody of the appellants, and the court had power to vacate, modify or change it as justice demands. (Code, §§ 2129, 2141, 2142; Laws of 1880, chap. 542, § 9.)

Rapallo, J. We do not deem it necessary to discuss the point raised by the appellants that the determination complained of was not reviewable on *certiorari*, because we are satisfied that they correctly construed the statute, by virtue of which the apportionment of expenses sought to be reviewed was made. (Laws of 1882, chap. 353, § 13.) That section provides that the salaries and expenses of the board of railroad commissioners shall be borne by the several railroad companies, according to their means, to be apportioned by the comptroller and State assessors, who shall assess upon each of said corporations " its just proportion of such expenses, one-half in proportion to its net income for the year next preceding that in which the assessment is made and one-half in proportion to *the length* of the main track or tracks on road."

The relators contend that where, between two terminal points, there are laid two or more parallel tracks, all of them are main tracks, and that the assessment is to be made, not according to the *length* of those tracks, that is, the distance between the two terminal points, but according to the aggregate of the lengths of all the rails laid on all the tracks.

The appellants determined that the "*length* of the main track or tracks" meant the distance between two points, *i. e.*, the length of the road; and in this we think they were right. Where several tracks are laid between the same points, and parallel with each other, the *length* of all must be the same, and *length* is the quality, according to which the apportionment is required to be made, not the quantity or number of miles of railroad laid.

It is argued that the use of the terms "main track or tracks" indicates a different intent, and that if it had been intended that only a single track should be measured the term "main track" would have been used.

We do not think this argument by any means conclusive. Suppoing that the statute had exclusive reference to railroads which were operated only between two points, but between those two points some of them had numerous parallel tracks, there would be more force in the argument, yet it would not be conclusive, for if all those tracks are to be considered as main tracks it would only be descriptive of the road to speak of the length of its main tracks, and would not indicate that all the lengths of those parallel tracks were intended to be aggregated. But when it is considered that, although the statute embraced some roads which had only one line, it also embraced other roads which were operated between several different terminal points, in different directions, and that each line had a main track, it is obvious that if all of these main tracks were to be included, accuracy of expression required that the terms "length of main track or tracks" should be employed, and their use indicates no intention that anything but the length of each road, including its several branches and auxiliary lines, if any, should be considered.

The judgment of the Supreme Court should be reversed and the proceedings of the appellants affirmed, with costs against the relators in both courts.

All concur.

Ordered accordingly.